# 95 DTA 172

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL VI DE CAGUAS, HUMACAO Y GUAYAMA**
**PANEL I**

EL PUEBLO DE PUERTO RICO
Peticionario

v.

ESMERALDO CRUZ APONTE
LUIS M. SUSTACHE CINTRON
Recurridos

Núm. KLCE-95-00081

San Juan, Puerto Rico, a 16 de mayo de 1995

Panel integrado por su presidente, Juez señor Amadeo Murga
y los Jueces señora Pesante Martínez y señor Delgado Hernández

Pesante Martínez, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

El Ministerio Público acude ante este Tribunal para que revisemos una Resolución dictada por el Tribunal de Primera Instancia, antiguo Tribunal de Distrito, Sala de Guayama. En ella, se declaró con lugar una moción de reconsideración y se absolvió a los recurridos de una infracción al artículo 139 del Código Penal, 33 L.P.R.A., sec. 4180. El Ministerio Público instó el presente recurso de *certiorari* por entender que la moción de reconsideración fue presentada fuera del término dispuesto en la ley. Procederemos a analizar los méritos del mismo.

### I

El 11 de febrero de 1994 los recurridos fueron hallados culpables del delito de invasión de morada. El Tribunal de Distrito les impuso una multa de $500.00 a cada uno de los convictos. Oportunamente, el 22 de febrero de 1994 presentaron una *"Moción de Reconsideración de Fallo y/o Juicio de Novo"* y ésta fue denegada el 16 de abril de 1994 y notificada a las partes el 20 de abril de 1994. Así las cosas, el 1 de mayo de 1994 los convictos presentaron un recurso de apelación ante el Tribunal Superior, Sala de Caguas. Pendiente de su perfeccionamiento, el 28 de octubre de 1994 los recurridos solicitaron del Tribunal Superior retirar la apelación. Coincidente con ello, ese mismo día presentaron una segunda moción de reconsideración ante el Tribunal de Distrito, la cual fue declarada Con Lugar y en su consecuencia se absolvió del delito imputado a los recurridos.

Somos del criterio que el Tribunal de Distrito carecía de jurisdicción para resolver la segunda moción de reconsideración.

### II

Las Reglas de Procedimiento Criminal no establecen término alguno en el cual el convicto pueda solicitar la reconsideración del fallo emitido por un juez del Tribunal de Distrito. Sin embargo, la Regla 216(b), 34 L.P.R.A., Ap. II, en lo pertinente dispone:

*"La apelación se formalizará presentando un escrito de apelación o una solicitud de juicio de novo en la secretaría del Tribunal de Distrito en que se celebró el juicio, previa notificación del mismo al Ministerio Público o al fiscal privado, si lo hubiere, dentro del término de diez (10) días, contados a partir de la fecha en que la sentencia condenatoria fuere dictada. Si se solicitare la reconsideración de la sentencia, el término para radicar el escrito de apelación quedará interrumpido y el mismo comenzará a partir de la fecha en que se archive en autos la notificación de la resolución del Tribunal denegando la reconsideración".*

A diferencia de las Reglas de Procedimiento Civil, en el Derecho Procesal Penal la mera presentación de una moción de reconsideración de sentencia interrumpe el término para presentar la apelación. En ausencia de un término para presentar dicha moción, la lógica jurídica nos indica que debe presentarse dentro de los 10 días contados a partir de la fecha en que se dictó la sentencia, es decir, dentro del término que se tiene para apelar. De no ser así se podría reconsiderar un fallo o sentencia después de ésta haber advenido final y firme. Además, al considerar el efecto paralizador que tiene la presentación de la moción de reconsideración, permitir que ésta pueda presentarse después de los 10 días de dictada la sentencia sería otorgarle a una parte la facultad absoluta de prolongar a perpetuidad los casos. Cada vez que se declare no ha lugar a una moción se sometería una nueva y así sucesivamente. Los casos no tienen derecho a vida eterna en los tribunales. *Madera Meléndez v. Negrón,* 103 D.P.R. 749, 751(1975).

En el presente caso, el término para presentar la reconsideración comenzó a decursar el 11 de febrero de 1994, fecha en que se dictó la sentencia. La segunda moción de reconsideración fue presentada el 28 de octubre de 1994. Un cómputo matemático nos arroja que transcurrieron 259 días desde que se dictó la sentencia.

A la luz de lo previamente expuesto, el Tribunal de Distrito carecía de jurisdicción para considerar la Moción de Reconsideración presentada por los recurridos.

Se expide el auto de *certiorari* y se dicta sentencia revocatoria de la resolución recurrida.

Lo acordó el Tribunal y lo certifica la señora Secretaria General.

María de la C. González Cruz
Secretaria General